IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOVERNMENT TELECOMMUNICATIONS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-547C |
| | ) | (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. The allegation contained in the first sentence of paragraph one is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. The allegation contained in the second sentence of paragraph one is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

2. The allegation contained in paragraph two is a conclusion of law and plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

3. Denies the allegation contained in the first sentence of paragraph three, for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second sentence of paragraph three to the extent supported by the contracts cited, which are the best evidence of

their contents; otherwise denies the allegations contained in the second sentence of paragraph three. Denies the allegations contained in the third, fourth and fifth sentences of paragraph three for lack of knowledge or information sufficient to form a belief as to their truth.

4. The allegation contained in paragraph four is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, defendant admits that the United States is the defendant in this action.

5. The allegations contained in the first sentence of paragraph five are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. The allegations contained in the second and third sentences of paragraph five are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegation contained in paragraph six is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

7. Admits the allegation contained in the first sentence of paragraph seven to the extent supported by the request for

proposal ("RFP") and statement of work ("SOW") cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph seven. Admits the allegations contained in the second and third sentences of paragraph seven. The allegation contained in the fourth sentence of paragraph seven is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegation contained in the fifth sentence of paragraph seven.

8. Admits the allegations contained in paragraph eight to the extent supported by the SOW cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph eight.

9. Admits.

10. Denies.

11. Admits the allegations contained in paragraph 11 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Denies the allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as

to their truth.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Denies the allegation contained in paragraph 15 that "[t]he MPI project reflected all the hallmarks of a project that would stand to benefit from tasking the prime contractor with Program Management responsibilities" for lack of knowledge or information sufficient to form a belief as to its truth; admits the remainder of the allegations contained in paragraph 15 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the remainder of the allegations contained in paragraph 15.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits the allegations contained in the first and second sentences of paragraph 17 to the extent supported by the technical proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 17. Denies the allegations contained in the third sentence of paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Admits the allegations contained in paragraph 18 to the extent supported by plaintiff's technical proposal, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. Admits the allegations contained in the first sentence of paragraph 19 to the extent supported by plaintiff's technical proposal, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 19. The allegations contained in the second sentence of paragraph 19 are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

20. Admits the allegation contained in paragraph 20 that the Postal Service "contemplated that all necessary Program Management and Project Management activities . . . would be included under the Program Management CLIN" to the extent supported by the contract, which is the best evidence of its contents; otherwise denies this allegation; denies the remaining allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits the allegations contained in paragraph 21 to the extent supported by the parties' contract, which is the best evidence of what they contemplated by the term "Program/Onsite Project Management;" otherwise denies the allegations contained

in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. The allegations contained in the first sentence of paragraph 23 are plaintiff’s characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 23 to the extent supported by the schedules cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 23.

24. Denies the allegation contained in the first sentence of paragraph 24 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second and third sentences of paragraph 24 to the extent supported by the technical proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 24.

25. Admits the allegations contained in paragraph 25 to the extent supported by plaintiff’s technical proposal, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the technical proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the technical proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the technical proposal and SOW cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29 for lack of knowledge or information sufficient to form a belief as to their truth.

30. Denies the allegations contained in the first and second sentences of paragraph 30. Denies the allegations contained in the third sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth.

31. Denies the allegations contained in the first sentence of paragraph 31. Admits the allegations contained in the second sentence of paragraph 31 to the extent supported by the contract

delivery schedule, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 31. Admits the allegation contained in the third sentence of paragraph 31 to the extent supported by the estimates cited, which are the best evidence of their contents; otherwise denies the allegation contained in the third sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to its truth.

32. Admits the allegation contained in the first sentence of paragraph 32 to the extent supported by the estimates and invoices cited, which are the best evidence of their contents; otherwise denies the allegation contained in the first sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegations contained in the second sentence of paragraph 32.

33. Denies the allegation contained in the first sentence of paragraph 33. Admits the allegations contained in the second sentence of paragraph 33 to the extent supported by the contract, which is the best evidence of contractual payment requirements; otherwise denies the allegations contained in the second sentence of paragraph 33. Denies the allegations contained in the third sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to their truth.

34. Denies the allegation contained in the first sentence of paragraph 34. Admits the allegations contained in the second sentence of paragraph 34 to the extent supported by the invoices any other documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 34. Denies the allegations contained in the third and fourth sentences of paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Denies.

37. The allegation contained in the first sentence of paragraph 37 that "GTI on March 8, 2005 re-filed the REA as a claim under the CDA and formally requested a contracting officer's final decision thereon" is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied; denies the remainder of the allegations contained in the first sentence of paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second and third sentences of paragraph 37 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

38. Admits the allegations contained in paragraph 38 to the extent supported by the solicitation and amendment cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegations contained in paragraph 39 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the modifications cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 42.

43. Admits the allegations contained in paragraph 43 to the extent supported by the modification and schedules cited, which

are the best evidence of their contents; otherwise denies the allegations contained in paragraph 43.

44. Admits the allegation contained in the first sentence of paragraph 44. Admits the allegations contained in the second sentence of paragraph 44 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 44.

45. The allegation contained in paragraph 45 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

46. Denies.

47. The allegations contained in paragraph 47 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

48. Defendant’s responses to paragraphs 1 through 47 of the complaint are incorporated by reference.

49. Admits the allegations contained in paragraph 49 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations

contained in paragraph 50.

51. The allegations contained in the first sentence of paragraph 51 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 51.

52. The allegations contained in the first and second sentences of paragraph 52 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third and fourth sentences of paragraph 52 to the extent supported by the parties' contract, which is the best evidence of the proper Program Management CLIN charges; otherwise denies the allegations contained in the third and fourth sentences of paragraph 52.

53. Denies the allegations contained in the first, second, and third sentences of paragraph 53. Admits the allegation contained in the fourth sentence of paragraph 53 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation contained in the fourth sentence of paragraph 53. Denies the allegations contained in the fifth sentence of paragraph 53.

54. Admits the allegation contained in the first sentence of paragraph 54. Denies the allegations contained in the second

sentence of paragraph 54.

55. The allegations contained in paragraph 55 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 55 or to any relief whatsoever.

Defendant's responses to paragraphs 1 through 55 of the complaint are incorporated by reference.

56. Denies the allegations contained in paragraph 56 for lack of knowledge or information sufficient to form a belief as to their truth.

57. Denies the allegations contained in paragraph 57 for lack of knowledge or information sufficient to form a belief as to their truth.

58. Admits the allegations contained in the first and second sentences of paragraph 58 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 58. Denies the allegations contained in the third sentence of paragraph 58 for lack of knowledge or information sufficient to form a belief as to their truth.

59. Denies the allegations contained in the first and second sentences of paragraph 59 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegation contained in the third sentence of paragraph 59 that "GTI was entitled to make this assumption" for lack of knowledge or information sufficient to form a belief as to its truth; the remaining allegation contained in the third sentence of paragraph 59 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

60. Denies the allegations contained in the first and second sentences of paragraph 60 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegation contained in the third sentence of paragraph 60 that the Postal Service administered the contract in a way that was not in accordance with the contract terms; denies the remaining allegation contained in the third sentence of paragraph 60 for lack of knowledge or information sufficient to form a belief as to its truth.

61. Denies.

62. Admits the allegations contained in paragraph 62 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 62.

63. Denies the allegations contained in the first sentence of paragraph 63. Admits the allegations contained in the second and third sentences of paragraph 63 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 63.

64. Denies the allegations contained in the first and second sentences of paragraph 64 for lack of knowledge of information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 64.

65. Denies.

66. Denies the allegations contained in the first, second, and third sentences of paragraph 66. The allegation contained in the fourth sentence of paragraph 66 is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

67. Admits the allegations contained in the first sentence of paragraph 67. Denies the allegation contained in the second sentence of paragraph 67.

68. The allegations contained in paragraph 68 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 68 or to any relief whatsoever.

69. Defendant's responses to paragraphs 1 through 68 of the complaint are incorporated by reference.

70. The allegations contained in paragraph 70 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

71. Denies.

72. Denies.

73. The allegations contained in paragraph 73 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 73 or to any relief whatsoever.

74. Defendant's responses to paragraphs 1 through 73 of the complaint are incorporated by reference.

75. The allegations contained in paragraph 75 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

76. Denies.

77. Denies.

78. The allegations contained in paragraph 78 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 78 or to any relief whatsoever.

79. Defendant's responses to paragraphs 1 through 78 of the complaint are incorporated by reference.

80. The allegations contained in paragraph 80 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

81. The allegations contained in paragraph 81 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

82. The allegations contained in paragraph 82 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

83. The allegations contained in paragraph 83 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

84. The allegations contained in paragraph 84 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

85. The allegations contained in paragraph 85 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

86. The allegations contained in paragraph 86 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

87. Denies the allegation contained in the first sentence of paragraph 87. Admits the allegations contained in the second and third sentences of paragraph 87 to the extent supported by the modification and contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second and third sentences of paragraph 87. Denies the allegation contained in the fourth sentence of paragraph 87.

88. Denies.

89. The allegations contained in the first, second, and third sentences of paragraph 89 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, the are denied. Denies the allegation contained in the fourth sentence of paragraph 89.

90. Denies the allegations contained in the first and second sentences of paragraph 90. The allegation contained in the third sentence of paragraph 90 is plaintiff’s characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is

denied.

91. Admits the allegation contained in the first sentence of paragraph 91. Denies the allegation contained in the second sentence of paragraph 91.

92. The allegations contained in paragraph 92 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 92 or to any relief whatsoever.

93. Defendant's responses to paragraphs 1 through 92 of the complaint are incorporated by reference.

94. Denies.

95. Denies.

96. Denies.

97. The allegations contained in paragraph 97 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

98. Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 97 or to any relief whatsoever.

99. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

RENEE C. MACRI
Attorney
United States Postal Service
Law Department

AUGUST 23, 2005

**CERTIFICATE OF FILING**

I hereby certify that on the 23rd day of AUGUST, 2005, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lauren S. Moore